# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHRISTOPHER COLEMAN,**
   **Plaintiff,**

 v.             Case No. 16-cv-0148

**JASON BENZEL, Warden,**
**Dodge Correctional Inst.,**
   **Defendant.**

_____

## DECISION AND ORDER

Petitioner Christopher Coleman is a state prisoner currently in custody at Dodge Correctional Institution in Waupun, Wisconsin. On February 10, 2016, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 11, 2017, I stayed and held in abeyance this habeas case in order to allow petitioner to exhaust his state remedies. Before me now are three motions from the petitioner: (1) a motion to amend his petition; (2) a motion for an order of release; and (3) a motion for relief from the exhaustion requirement.

### I.  MOTION TO AMEND PETITION

Petitioner requests that he be allowed to amend his petition for a writ of habeas corpus. He states that the amendment does not change his underlying claims but that it "cleans up" the petition. The amended petition includes unexhausted claims and petitioner asks that his case remain stayed and held in abeyance. Respondent does not oppose this motion, so I will allow petition to amend his petition and continue the stay and abeyance.

### II.  MOTION FOR RELEASE

Petitioner requests that he be released under Rule 23 of the Federal Rules of Appellate Procedure. Petitioner's motion is premature. Rule 23 addresses the release or detention of a person in custody while an appeal of a decision granting or denying habeas relief is pending. Fed. R. App. Proc. 23. I have not yet issued a decision on petitioner's

habeas petition, so Rule 23 is inapplicable. Accordingly, I will deny petitioner's request for release under Rule 23.

### III. MOTION FOR RELIEF FROM EXHAUSTION REQUIREMENTS

Finally, petitioner asks that I excuse him from the exhaustion requirements due to an "inordinate delay" in his state postconviction proceedings. Before seeking federal habeas relief, a petitioner must exhaust his state remedies by pursuing one full round of the state's review process for each of his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b). The petition "shall not be granted" unless: (1) "the applicant has exhausted the remedies available in the courts of the State"; (2) the State lacks a "corrective process"; or (3) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Failure to exhaust state court remedies may be excused if a delay in state court proceedings renders them ineffective, 28 U.S.C. § 2254(b)(1)(B)(ii), but only when the delay is "inordinate" in length, and both "unjustifiable" and attributable to the state. *Sceifers v. Trigg*, 46 F.3d 701, 703-04 (7th Cir. 1995); *Lane v. Richards,* 957 F.3d 363, 365 (7th Cir. 1992). In *Lowe v. Duckworth*, the Seventh Circuit found that a petition for post-conviction relief that "had lain dormant for nearly three and one-half years" would be a basis to excuse the exhaustion requirement unless the state could show that the delay was justified. 663 F.3d 42, 43 (7th Cir. 1981).

In determining whether a delay in state court is "inordinate," the initial question is whether the state is responsible for the delay. If a delay cannot be attributed to the state, then the state's process is not considered ineffective, no matter how long the delay may be. *See Sceifers*, 46 F.3d 703-04. Any delay attributable to petitioner or petitioner's appointed counsel cannot excuse exhaustion. *Lane*, 957 F.2d at 365; *see also Sceifers*, 46 F.3d at 704 (holding that actions of public defenders and appointed counsel do not constitute state action).

Illinois has a three-stage post-conviction review process and petitioner asserts that there was an inordinate delay before the third-stage hearing. Specifically, petitioner argues that he waited three years and ten months for his third stage hearing. If this delay were attributable to the state, it would be long enough to constitute inordinate delay. *See Lowe*, 663 F.3d at 43. Petitioner argues that the delay is attributable to inaction on the

2

Case 2:16-cv-00148-LA    Filed 04/11/22    Page 2 of 4    Document 55

part of his court-appointed counsel, which he argues is attributable to the state. Petitioner cites to *Wojtczak v. Fulcomer* for this proposition, a case from the Third Circuit which has no precedential value in this court. 800 F.3d 353, 356 (3rd Cir. 1986). Under controlling Seventh Circuit precedent, delay caused by the action, or inaction, of petitioner's court-appointed counsel is not attributable to the state. *See Sceifers*, 46 F.3d at 703-04. Respondent explains that part of the delay is also attributable to petitioner's request for a stay so he could seek private counsel, which petitioner does not dispute. Because the delays petitioner identifies are not attributable to the state, he has not shown that the state's process is ineffective.

Additionally, it appears that any delay has ended since petitioner filed his motion. Documents subsequently filed by the petitioner indicate that the third stage of his post-conviction proceedings has come to an end. Where a delay of state court proceedings has been resolved, the impediment to exhaustion has been removed, and "the comity concerns underlying the exhaustion requirement compel the federal courts to allow the state litigation to run its course." *Monegain v. Carlton*, 576 F. App'x 598, 602 (7th Cir. 2014). Accordingly, I will deny petitioner's motion to be excused from the exhaustion requirement.

Petitioner also argues that the delay in his post-conviction proceedings is a due process violation and asks me to grant his petition for a writ of habeas corpus on this ground. But the proper remedy for a delay in post-conviction proceedings is to excuse the petitioner from the exhaustion requirement; a delay is not a separate cognizable ground for habeas relief. *See Jackson*, 112 F.3d at 880. I have already found that petitioner has not shown he is entitled to this relief.

## IV. CONCLUSION

For the reasons stated, **IT IS ORDERED** that petitioner's motion to amend and to continue the stay and abeyance at ECF no. 32 is **GRANTED**. This action will remain **STAYED** until petitioner exhausts his unexhausted claims in state court. Petitioner shall notify the court within 30 days of the conclusion of his state proceedings.

**IT IS FURTHER ORDERED** that petitioner's motion for release at ECF no. 33 is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for relief from the exhaustion requirement at ECF no. 34 is **DENIED.**

Dated at Milwaukee, Wisconsin, this 11th day of April, 2022.

\_\_s/ Lynn Adelman_____
LYNN ADELMAN
United States District Judge